ON REHEARING
BOUTALL, Judge.
This matter came before us on writs of certiorari, prohibition and mandamus on the application of the Succession of William E. Griffith seeking to annul a judgment ordering the succession to pay the fees of an attorney, Edward C. Alker, for legal services rendered to the decedent during his lifetime and in connection with the circumstances surrounding his death. A subsequent application was filed seeking to prevent the execution of the judgment by writ of fieri facias and garnishment proceedings. In our original opinion we concluded that the judgment rendered in favor of Alker for his attorney’s fees was a nullity for lack of proper notice given the succession’s attorney and the succession’s executrix of the September 3, 1980, hearing which resulted in the rendition of the judgment complained of. The respondent Alker has applied for a rehearing on the basis that the facts upon which we rendered that judgment were incorrect, contending that a proper showing of the facts would show sufficient notice.
We granted rehearing, and have been referred to additional facts of which we were not aware on the original hearing. It should be noted that this matter came to us *58 on writ application mandated by the Supreme Court, and not in the regular course of appeal. Accordingly, we have been plagued with the problem of obtaining a complete record from the trial court. The record has now been lodged in this court by virtue of the suspensive appeal taken by the applicant from the adverse judgment, and although it is still not complete, there is sufficient ground upon which to vacate our original opinion declaring the judgment of September 11,1980, a nullity, and to affirm that judgment.
First, we reiterate our holding that the dilatory exception of improper use of summary procedure was untimely filed, and we cannot now consider the propriety of Alker’s use of summary procedure to assert his claim.
Our inquiry here is basically directed at the nullity of judgment for lack of service. The record shows, despite continued denials of the succession attorney, that the “FORMAL PROOF OF CLAIM TO THE SUCCESSION” and “STATEMENT OF ACCOUNT”, showing the details of the claim for attorney’s fees and containing an order of the judge setting the hearing on the claim for June 30,1980, were all personally served on June 27, 1980, on Karen Griffith, the executrix. John T. Keyes, Jr., attorney for the succession at that time was served on June 26 with citation and “PETITION BY CREDITOR TO COMPEL EXECUTRIX TO FURNISH SECURITY” in addition to the other three pleadings. The applicant’s statements in this regard are misdirected. However, the rule was not heard on June 30 but later on September 3, and this is an area of serious contention.
The record as it is now composed does not contain any return of service of notice either to the executrix or the succession attorney of the September 3 hearing. It does contain a letter addressed by Alker to the new attorney for the succession, M. Arnaud Pilie, calling his attention to the September 3 trial date. There is no contention by Pilie that he did not receive the letter nor is there contention that he was unaware of the trial date. His position is simply that this informal notice is insufficient. In our original opinion, we agreed and declared the judgment null. However, on this reheáring we have been furnished further evidence which causes us to conclude that the fact of notice was indeed proven.
As stated above both the executrix and succession attorney had been served with a copy of an order setting a hearing for June 30, 1980. There were also other proceedings in the succession, not relevant to this, that were set for the same date. The clerk’s minute entry on June 30 shows only that the other matter was taken up, and there is no mention of this matter in that minute entry, nor is there any other minute entry for June 30 in the record. Alker contends that the matter was continued to September 3 by the judge in open court and that both the succession attorney and himself were thus notified. In support of his contention, he furnishes us with an affidavit of certain Max Scott to that effect. Counsel also furnishes us with a transcript of the proceedings taken on a motion to set aside the judgment of September 11 before the same judge on January 5,1981. In that proceedings the respondent makes reference to the notification in court, and although the trial judge made no remarks in that regard, nevertheless he dismissed the motion, causing us to believe that such a notification of continuance in open court did take place. We have seriously considered remanding this matter for trial on that point but this matter has been before this court for some period of time, and the judge’s action leads us to believe that proof is readily available, and that the notification is a fact.
We hold that it is within the inherent judicial power of the judge in ordering a continuance to at the same time notify the attorneys of the date to which the continuance is made, and that is sufficient notice to require the attendance at that continued hearing on the date specified. Accordingly, we agree with the action of the trial judge in permitting the attorney to proceed on September 3,1980, and we affirm the judgment rendered on September 11.
*59 The other issue brought before us is the matter of the issuance of a fieri facias and garnishment proceedings based upon the judgment of September 11. It is apparent that a timely suspensive appeal was taken by the attorney for the succession, and indeed that matter is lodged in this court. C.C.P.Art. 2252 provides that a judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed. Additionally, a suspensive appeal is one that suspends the effect or the execution of an appealable order or judgment. C.C.P.Art. 2123. Obviously, the issuance of a writ of fieri facias and garnishment proceedings in execution of the judgment sus-pensively appealed from are not permitted, and we issue a writ of mandamus directed to the trial judge ordering him to revoke and vacate the writ of fieri facias and dismiss the garnishment proceedings taken in accordance therewith.
For the reasons assigned, the September 11, 1980, judgment in favor of Edward C. Alker against the Succession of Dr. William E. Griffith in the sum of $25,167.10 is affirmed; the fieri facias and garnishment proceedings are ordered recalled and vacated and this matter is remanded to the trial court in accordance therewith.
JUDGMENT AFFIRMED; MANDAMUS ISSUED.